UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

-------------------------------------------------------------x
                                                             )
SEATTLE CHILDREN'S HOSPITAL,                                 )
NOVARTIS AG, NOVARTIS VACCINES                               )
AND DIAGNOSTICS, INC., and NOVARTIS                          )
PHARMACEUTICALS CORPORATION,                                 )
                                                             )   Civil Action No. 09-cv-00949-NLH-KW
Plaintiffs,                                                  )
                                                             )
v.                                                           )
                                                             )
TEVA PARENTERAL MEDICINES, INC. and                          )
TEVA PHARMACEUTICALS USA, INC.,                              )
                                                             )
                                                             )
Defendants.                                                  )
-------------------------------------------------------------x

**PARTIES' JOINT RULE 26(f) DISCOVERY PLAN**

Pursuant to Federal Rule of Civil Procedure 26(f), District of Delaware Local Rule 16.2, and the Court's February 16, 2010 Order for Scheduling Conference (D.I. 13), the parties conferred in accordance with Rule 26(f) and the applicable local rules, and respectfully submit this Joint Rule 26(f) Discovery Plan.

1. **Summary Of The Facts Of The Case**

This is a patent infringement case.  In a Complaint (D.I. 1) filed on December 10, 2009, Plaintiffs Seattle Children's Hospital ("Children's"), Novartis AG ("AG"), Novartis Vaccines and Diagnostics, Inc. ("NVD") and Novartis Pharmaceuticals Corporation ("NPC") (collectively "Plaintiffs"), allege that Defendants Teva Parenteral Medicines, Inc. ("TPM"), Teva Pharmaceuticals USA, Inc. ("Teva USA") and Teva Pharmaceutical Industries Ltd. ("Teva Ltd.") (collectively "Defendants")  infringe U.S. Patent No. 5,508,269 ("the '269 patent") under

35 U.S.C. § 271(e)(2) based on TPM's filing of ANDA No. 91-589 seeking FDA approval to market a product ("Teva's ANDA Product") that is a generic version of the Novartis Tobramycin Inhalation Solution drug product sold under the trademark TOBI®.  Plaintiffs additionally allege that Defendants will infringe the '269 patent, and will be actively inducing and contributing to infringement by others, if Defendants engage in the commercial manufacture, use, offer to sell or sale of Teva's ANDA Product upon receiving FDA approval prior to expiration of the '269 patent.  Plaintiffs seek a declaration that Defendants making, using, selling, offering to sell or importing Teva's ANDA Product described in ANDA No. 91-589 will constitute infringement, contributory infringement and actively inducing infringement of the '269 patent.  Plaintiffs also seek an injunction preventing Defendants from engaging in the commercial manufacture, use, offer to sell or sale of Teva's ANDA Product prior to the expiration of the '269 patent.  Plaintiffs seek damages resulting from such infringement in the event Defendants engage in the commercial manufacture, use, offer to sell or sale of Teva's ANDA Product prior to the expiration of the '269 patent.  Plaintiffs further allege that this case is exceptional and seek attorneys' fees, and costs and expenses in this action.

In Answers filed on February 4, 2010, TPM (D.I. 10) and Teva USA (D.I. 9) contend that the manufacture, use, offer for sale, sale or importation of Teva's ANDA product does not and will not infringe any valid and enforceable claim of the '269 patent, either literally or under the doctrine of equivalents.  TPM and Teva USA also contend that the claims of the '269 patent are invalid under 35 U.S.C. §§ 101 *et seq.*  TPM and Teva USA also contend that Plaintiffs are not entitled to a declaration that making, using, selling, offering to sell or importing Teva's ANDA Product will constitute infringement, contributory infringement or active inducement of infringement of the '269 patent.  TPM and Teva USA also contend that Plaintiffs would not be

entitled to an injunction preventing the Defendants from engaging in the commercial

manufacture, use, offer to sell or sale of Teva's ANDA Product prior to the expiration of the

'269 patent.  TPM and Teva USA also contend that Plaintiffs would not be entitled to any

damages in the event that Defendants engage in the commercial manufacture, use, offer to sell or

sale of Teva's ANDA Product prior to the expiration of the '269 patent.  TPM and Teva USA

further contend that this case is not exceptional and that Plaintiffs should not be awarded

attorneys' fees, or costs or expenses incurred in this action.

On February 16, 2010, Magistrate Judge Williams ordered the parties to participate in a

Scheduling Conference to be held on February 26, 2010, which subsequently was adjourned to

March 31, 2010.  The Court required the parties to prepare this Joint Rule 26(f) Discovery Plan

and to appear before this Court on March 31, 2010 to address discovery and related pretrial

matters.

On March 11, 2010, the Court entered an Order dismissing Teva Ltd. without prejudice

(D.I. 21) pursuant to a stipulation of the parties, which was conditioned on the agreement of

Teva Ltd. (as defined in the stipulation) to be bound by any judgment, order or decision in this

action, including any appeal, and its agreement that documents, witnesses and information in its

custody or control relating to the subject matter of this action are in TPM's and Teva USA's

custody or control for purposes of discovery or requests for admission in this lawsuit.

**2.  <u>Proposed Changes to Limitations on Discovery</u>:**

1.      Interrogatories

The parties agree to a limit of 35 interrogatories for each side.

Service and response to the interrogatories shall be pursuant to the
Federal Rules of Civil Procedure except where otherwise agreed
by the parties or ordered by the court.

3

2.      Depositions

The parties agree to a limit of 10 fact depositions per side (7 hours in length absent agreement of the parties).

The parties agree to the deposition of the inventors of up to 10 hours for each inventor.

The parties agree to the deposition of up to three individuals who developed Teva's ANDA Product of up to 10 hours for each of the individuals, subject to negotiation in good faith if more than three individuals were materially involved in the development of Teva's ANDA Product.

The parties agree that depositions of witnesses who require translation (other than spot translations) will be allotted double the time limit.

The parties agree that a 30(b)(6) deposition of each party may be taken for up to 14 hours, counting as only 1 deposition (regardless of the number of witnesses designated).  If more than 14 hours is needed, each additional 7 hours will count as one additional deposition.

3.      Requests for Admission

The parties agree to a limit of 35 requests for admission per side (not including requests for admission regarding the authenticity of documents).

b.   Jointly Proposed Schedule:

1.      Rule 26(a)(1) Initial Disclosures shall be exchanged by April 9, 2010.

2.      The Stipulated Protective Order shall be submitted or competing submissions made to the court by April 30, 2010.

3.      The ANDA and requested portions of the NDA shall be produced by April 30, 2010 (on an "outside counsel only" basis if no protective order has been entered before then).

4.      Production of documents shall be substantially completed by August 27, 2010.  The parties agree that document requests will be timely served so as to permit adherence to this deadline.

5.      Absent agreement of the parties, depositions of the Parties shall not begin prior to August 30, 2010.

4

6.      Contention Interrogatories on claims and defenses shall be served on September 10, 2009.

7.      Responses to Contention Interrogatories shall be served on October 8, 2010.

8.      Motions for Amending Pleadings and/or Adding Parties shall be filed by November 23, 2010.

9.      Parties shall exchange claims terms believed to require construction by the Court by October 22, 2010.

10.     Parties shall exchange preliminary proposed constructions and extrinsic evidence by November 5, 2010.

11.     Parties shall file a Joint Claim Construction Chart by December 3, 2010.

12.     Parties shall file opening briefs on Claim Construction ("*Markman*") by January 21, 2011.

13.     Parties shall file opposition briefs on *Markman* by March 11, 2011.

14.     The *Markman* hearing shall take place on April __, 2011 (pending the Court's calendar).

15.     The close of Fact Discovery shall be May 23, 2011.

16.     Opening Expert Reports on issues for which the party has the burden of proof shall be exchanged 45 days after the *Markman* Ruling, but not earlier than June 8, 2011, and not later than July 15, 2011.

17.     Rebuttal Expert Reports on issues for which the opposing party has the burden of proof shall be exchanged 45 days after the exchange of Opening Expert Reports.

18.     Reply Expert Reports concerning only secondary considerations of nonobviousness (if asserted by Plaintiffs in Rebuttal Reports) shall be exchanged 30 days after the exchange of Rebuttal Expert Reports.

19.     The close of Expert Discovery shall be 60 days after the exchange of Reply Expert Reports.

20.     The parties shall file opening briefs on motions *in limine*  and *Daubert* on a date to be agreed in November, 2011.

21.     The parties shall file responsive briefs on motions *in limine* and *Daubert* on a date to be agreed in November, 2011.

22.     The Pretrial Conference shall take place on December __, 2011 (pending Court's calendar).

23.     A bench trial shall begin on January __, 2012  (pending the Court's calendar).  The duration of the trial is estimated to be one week.

3.  **Electronic Discovery:**  Neither party currently anticipates any issues relating to the disclosure or discovery of electronically stored information.  In advance of producing any electronic information, the parties will confer and agree on the format in which electronic information is to be produced.

4.  **Privileged and Protected Information:**  The parties agree that discovery in this case will involve the disclosure of confidential and trade secret information.  Therefore, the parties will propose a joint stipulated Protective Order for the Court.  Until a protective order is issued by the Court, disclosure of produced documents and things designated as "confidential" or "highly confidential" shall be limited to each party's outside attorneys of record and the employees of such outside attorneys pursuant to Delaware Local Rule 26.2.  The parties agree that document discovery from testifying expert witnesses and testifying consultants ("Experts") in this litigation will include all materials discoverable under the Federal Rules of Civil Procedure, provided that such discovery will not include drafts of expert reports, drafts of declarations or affidavits, outlines of such documents, or the substance of conversations or written communications between any Experts and counsel, including Experts' notes regarding any such conversations or written communications.

5.  **Trial Before Magistrate Judge:**  The parties do not consent to trial before a Magistrate Judge.

6.  **Mediation/Settlement:**  The parties do not believe at this time that this action should be referred to mediation including pursuant to District of New Jersey Local Civil Rule 301.1 (to the extent applicable) as set forth in this Court's February 16, 2010 Order for Scheduling Conference.  The parties also certify pursuant to District of Delaware Local Rule 16.2 that they have conferred to discuss settlement.

**RESPECTFULLY SUBMITTED**:

Dated:  March 30, 2010

MCCARTER & ENGLISH, LLP

*/s/ Daniel M. Silver*
Michael P. Kelly (DE ID # 2295)
Andrew S. Dupre (DE ID # 4621)
Daniel M. Silver (DE ID # 4758)
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, DE 19801
(302) 984-6300
302) 984-6399 (fax)
dsilver@mccarter.com

*Of Counsel:*
David K. Barr
KAYE SCHOLER LLP
425 Park Avenue
New York, New York 10022
(212) 836-8000


Sylvia M. Becker
KAYE SCHOLER LLP
The McPherson Building
901 Fifteenth St., N.W.
Washington, D.C. 20005
(202) 682-3500


*Attorneys for Plaintiffs*

Dated:  March 30, 2010

PHILLIPS, GOLDMAN & SPENCE P.A.

*/s/ John C. Phillips, Jr.*
John C. Phillips, Jr. (#110)
Brian E. Farnan (#4089)
1200 North Broom Street
Wilmington, DE 19806
(302) 655-4200
jcp@pgslaw.com

*Of Counsel:*
GOODWIN PROCTER LLP
Kevin Culligan
Keith Zullow
Gregory T. Sandidge
The New York Times Building
620 Eighth Avenue
New York, NY 10018
(212) 813-8800

*Attorneys for Defendants*


SO ORDERED this _____ day of _____, 2010:


_____
UNITED STATES DISTRICT COURT JUDGE