UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

---

SEATTLE CHILDREN'S HOSPITAL, NOVARTIS AG, NOVARTIS VACCINES AND DIAGNOSTICS, INC., and NOVARTIS PHARMACEUTICALS CORPORATION,

Plaintiffs,

v.

TEVA PARENTERAL MEDICINES, INC. and TEVA PHARMACEUTICALS USA, INC.,

Defendants.

Civil Action No. 09-cv-00949-NLH-KW

## SCHEDULING ORDER

This Scheduling Order confirms the directives given to counsel at the initial scheduling conference pursuant to Rule 16, Federal Rules of Civil Procedure on **March 31, 2010**; and the Court noting the following appearances: Daniel M. Silver, Esquire, appearing on behalf of the plaintiff; Brian E. Farnan, Esquire, Gregory Sandidos, Esquire, Kevin Culligan, Esquire, all appearing on behalf of defendant TEVA Parenteral Medicines, Inc.; David Barr, Esquire, and Sylvia Becker, Esquire, both appearing on behalf of the defendant Seattle Children's Hospital and Novartis Pharmaceuticals Corporation,

IT IS this **31st** day of **March, 2010**, hereby **ORDERED**:

1. **Proposed Changes to Limitations on Discovery**:

    I. Interrogatories

    The parties agree to a limit of 35 interrogatories for each side.

    Service and response to the interrogatories shall be pursuant to the Federal Rules of Civil Procedure except where otherwise agreed by the parties or ordered by the court.

2. Depositions

The parties agree to a limit of 10 fact depositions per side (7 hours in length absent agreement of the parties).

The parties agree to the deposition of the inventors of up to 10 hours for each inventor.

The parties agree to the deposition of up to three individuals who developed Teva's ANDA Product of up to 10 hours for each of the individuals, subject to negotiation in good faith if more than three individuals were materially involved in the development of Teva's ANDA Product.

The parties agree that depositions of witnesses who require translation (other than spot translations) will be allotted double the time limit.

The parties agree that a 30(b)(6) deposition of each party may be taken for up to 14 hours, counting as only 1 deposition (regardless of the number of witnesses designated). If more than 14 hours is needed, each additional 7 hours will count as one additional deposition.

3. Requests for Admission

The parties agree to a limit of 35 requests for admission per side (not including requests for admission regarding the authenticity of documents).

2. **Jointly Proposed Schedule:**

1. Rule 26(a)(1) Initial Disclosures shall be exchanged by April 9, 2010.

2. The Stipulated Protective Order shall be submitted or competing submissions made to the court by April 30, 2010.

3. The ANDA and requested portions of the NDA shall be produced by April 30, 2010 (on an "outside counsel only" basis if no protective order has been entered before then).

4. Production of documents shall be substantially completed by August 27, 2010. The parties agree that document requests will be timely served so as to permit adherence to this deadline.

5. Absent agreement of the parties, depositions of the Parties shall not begin prior to August 30, 2010.

6. Contention Interrogatories on claims and defenses shall be served on **September 10, 2010**.

7. Responses to Contention Interrogatories shall be served on **October 8, 2010**.

8. Motions for Amending Pleadings and/or Adding Parties shall be filed by **November 23, 2010**.

9. Parties shall exchange claims terms believed to require construction by the Court by **October 22, 2010**.

10. Parties shall exchange preliminary proposed constructions and extrinsic evidence by **November 5, 2010**.

11. Parties shall file a Joint Claim Construction Chart by **December 3, 2020**.

12. Parties shall file opening briefs on Claim Construction ("*Markman*") by **January 21, 2011**.

13. Parties shall file opposition briefs on *Markman* by **March 11, 2011**.

14. A claim construction hearing will be set by separate order.

15. **The close of Fact Discovery shall be May 23, 2011.**

16. The Court will conduct a telephone status conference on **October 13, 2010 at 10:00 a.m.** Counsel for plaintiff shall initiate the telephone call.

3. **Electronic Discovery**: Neither party currently anticipates any issues relating to the disclosure or discovery of electronically stored information. In advance of producing any electronic information, the parties will confer and agree on the format in which electronic information is to be produced.

4. **Privileged and Protected Information**: The parties agree that discovery in this case will involve the disclosure of confidential and trade secret information. Therefore, the parties will propose a joint stipulated Protective Order for the Court. Until a protective order is issued by the Court, disclosure of produced documents and things designated as "confidential" or "highly confidential" shall be limited to each party's outside attorneys of record and the employees of such outside attorneys pursuant to Delaware Local Rule 26.2. The parties agree that document discovery from testifying expert witnesses and testifying consultants ("Experts") in this litigation will include all materials discoverable under the Federal Rules of Civil Procedure, provided that such discovery will not include drafts of expert reports, drafts of declarations or affidavits, outlines of such documents, or the substance of conversations or written communications between any Experts and counsel, including Experts' notes regarding any such conversations or written communications.

5. **Trial Before Magistrate Judge**: The parties do not consent to trial before a Magistrate Judge.

6. **Mediation/Settlement:** The parties do not believe at this time that this action should be referred to mediation including pursuant to District of New Jersey Local Civil Rule 301.1 (to the extent applicable) as set forth in this Court's February 16, 2010 Order for Scheduling Conference. The parties also certify pursuant to District of Delaware Local Rule 16.2 that they have conferred to discuss settlement.

7. Any application for an extension of time beyond the deadlines set herein shall be made in writing to the undersigned and served upon all counsel prior to expiration of the period sought to be extended, and shall disclose in the application all such extensions previously obtained, the precise reasons necessitating the application showing good cause under FED. R. CIV. P. 16(b), and whether adversary counsel agree with the application. The schedule set herein will not be extended unless good cause is shown.

**THE FAILURE OF A PARTY OR ATTORNEY TO OBEY THIS ORDER MAY RESULT IN IMPOSITION OF SANCTIONS UNDER FED. R. CIV. P. 16(f).**

s/ Karen M. Williams
KAREN M. WILLIAMS
United States Magistrate Judge

cc: Hon. Noel L. Hillman